# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **GARY BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00417** |
| | ) | **Judge Aleta A. Trauger** |
| **AVANADE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Before the court is the Motion to Dismiss Count II of the Amended Complaint (Doc. No. 18), filed by defendant Avanade, Inc. ("Avanade"), seeking dismissal of the plaintiff's claims under the Family and Medical Leave Act ("FMLA") for interference and retaliation. Avanade argues that plaintiff Gary Brown's FMLA claims fail as a matter of law, because he was not covered by the FMLA at the time Avanade terminated his employment. Brown filed a Response in opposition to the motion, arguing that the defendant relies on "distinguishable or effectively overruled case law that ignores a binding regulation from the U.S. Department of Labor" and that he has pleaded sufficient facts to plausibly allege a viable theory of liability under the FMLA. (Doc. No. 21, at 1.) The defendant filed a Reply (Doc. No. 24), arguing that the cases the plaintiff cites do not support his position.

As set forth herein, the court finds that the plaintiff's FMLA claims fail as a matter of law under unambiguous Sixth Circuit precedent. The Motion to Dismiss Count II of the Amended Complaint, therefore, will be granted.

## I.    PROCEDURAL HISTORY AND FACTS

The plaintiff filed his initial Complaint, asserting claims under the FMLA and the Employee Retirement Income Security Act of 1974 ("ERISA") in April 2023. (Doc. No. 1.) Rather than an Answer, Avanade filed a Motion to Dismiss the entire Complaint, to which the plaintiff responded by filing his First Amended Complaint ("FAC"), alleging additional facts to support the ERISA claim in particular. The FAC rendered moot the Motion to Dismiss, but Avanade promptly filed the present motion, seeking only the dismissal of the FMLA claims in Count II of the FAC.

By agreement, the plaintiff has now filed a Second Amended Complaint ("SAC"), asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), in addition to his FMLA and ERISA claims. Because the filing of the SAC simply added the ADA claims without otherwise modifying the allegations supporting the FMLA claims, the filing of the SAC does not render moot the pending Motion to Dismiss.

As relevant to the FMLA claims, the plaintiff alleges that Avanade is a private-sector company employing 50 or more employees in 20 or more workweeks during the current calendar year and had at least 50 employees within 75 miles of its headquarters. Brown began working for Avanade on October 18, 2021 as Manager, Digital Identity, working remotely. He worked more than 1250 hours between the start of his employment and his termination, but he had been employed for less than twelve months when he was terminated on August 24, 2022. He was a participant in Avanade's employer-sponsored employee benefit plans, including health insurance, a long-term disability ("LTD") plan, and a short-term disability ("STD") plan.

On August 21, 2022, the plaintiff was hospitalized and diagnosed with a tumor on his pituitary gland. He informed his direct supervisor of this diagnosis on the same date. The next day, August 22, 2022, Brown contacted his direct supervisor a second time about his diagnosis to inform him that he "likely would need medical leave and/or to use his LTD and/or STD benefits

because of the diagnosis and requested information on how to appropriately request the leave." (SAC ¶ 35.) He "specifically" notified Avanade HR and his direct supervisor that he "wanted to start the process to request any applicable disability or medical leave." (SAC ¶ 37.) Avanade never notified him as to the next steps for requesting leave. Instead, it notified him on August 24, 2022 that his employment was terminated.

According to the plaintiff, he was "[a]t all relevant times . . . either an eligible employee under the FMLA or would have been an eligible employee once he had been employed for 365 days." (SAC ¶ 22; *see id.* ¶ 71.) He asserts that "he would have been entitled to FMLA leave in October 2022," that he "gave Avanade notice of his intent to exercise his rights under the FMLA prior to his termination" when he informed Avanade of his "intent to utilize medical leave and LTD and/or STD leave," that his tumor diagnosis constitutes a serious health condition under the FMLA, and that he engaged in activity protected by the FMLA when he gave notice of intent to take medical leave. (SAC ¶¶ 72, 73, 77, 33, 39.) He alleges that there was no legitimate reason for his termination. He claims that the termination, instead, was in retaliation for his "actual and anticipated exercise of his rights under the FMLA and served to interfere with his rights under the FMLA, because Avanade knew that he had a serious health condition and "might need to utilize FMLA benefits." (SAC ¶¶ 46, 51, 56.)

## II.     ANALYSIS

### A.     Rule 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). The court must determine whether the

complaint, viewed in that light, contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.    The FMLA

Congress enacted the FMLA "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 U.S.C. § 2601(b)(1). The FMLA does so by conferring on eligible employees "two interrelated, employee substantive rights": "the . . . right to use a certain amount of leave for protected reasons, and . . . [the] right to return to . . . an equivalent job after using protected leave." *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860, 865 (6th Cir. 2023) (alterations in original) (citation omitted).

Congress "carefully implemented" the right to unpaid leave "'in a manner that accommodates the legitimate interests of employers,'" by limiting both *"who* is eligible for FMLA leave" and "*when* those eligible can exhaust their right to leave." *Id.* (citations omitted) (emphasis in original). "[O]nly those employees who worked for a covered employer *for at least 12 months* and have accumulated at least 1,250 hours of service with that employer in the previous 12 months" are defined as "eligible employees" under the FMLA *Id.*; 29 U.S.C. § 2611(2)(A) (emphasis added). Eligible employees are entitled to FMLA leave only when they meet one of the circumstances enumerated in the statute, including, for example, "[b]ecause of a serious health condition that makes the employee unable to perform the function of [his] position." 29 U.S.C. § 2912(a)(1)(D).

Besides granting substantive rights to leave, the FMLA prohibits interfering with, restraining, or denying the exercise or attempt to exercise "any right provided" by the Act and "tak[ing] an adverse employment action against the employee for exercising or attempting to

exercise a right protected by the FMLA." *Milman*, 58 F.4th and 866 (construing 29 U.S.C. § 2615(a)(1) as covering both types of claims) (citation omitted).[1]

### C. "Eligible" Employee

As set forth above, an "eligible" employee is one who has been employed by the employer for at least 12 months *and* worked at least 1,250 hours during the preceding 12 months. 29 U.S.C. § 2611(2)(A). Avanade argues that the plaintiff's FMLA claims fail as a matter of law because the plaintiff was not an "eligible" employee at the time he gave notice of a need for leave or at the time of his termination, because he had not yet been employed for 12 months at that time.

The Sixth Circuit, in fact, has long held that only an employee who is "eligible" under § 2611(2) may recover under the FMLA, whether for interference or retaliation. *See, e.g.*, *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 327 (6th Cir. 2020) ("It is well established in this circuit that if one is not eligible for FMLA leave, one cannot maintain a cause of action for FMLA retaliation."); *Stimpson v. United Parcel Serv.*, 351 F. App'x 42, 45 (6th Cir. 2009) ("The FMLA thus makes clear that only 'eligible employees' may recover under the statute. An eligible employee is one 'who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested . . . and (ii) for at least 1,250 hours of service with such employer during the previous 12–month period.'" (quoting 29 U.S.C. § 2611(2)(A)); *Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 354 (6th Cir. 2008) ("To the extent that she is claiming that she was terminated because of her attempt to obtain FMLA leave in January of 2005, her claim must fail as a matter of law because she was not eligible for FMLA benefits with respect to her January 2005 absences."); *Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006) ("To prevail on an

---

[1] The FMLA also prohibits "discriminat[ing] against any individual . . . for opposing any practice made unlawful" by the Act. 29 U.S.C. § 2615(a)(2). Section 2615(a)(2) is not at issue in this case, however.

[interference] claim, an employee must prove that . . . she was an eligible employee . . . .");
*Humenny v. Genex Corp.*, 390 F.3d 901, 905 (6th Cir. 2004) ("Appellant argues that the statute's use of the words 'employee' and 'individual' indicates that [the FMLA's] retaliation provisions apply regardless of whether an employee is eligible for leave under the statute. However, a close reading of the statute reveals that the retaliation provisions prohibit employers from retaliating based on the exercise of a 'right' under the statute. The regulations provide similar protection by prohibiting retaliation based on the exercise of 'any rights provided by the Act.' 29 C.F.R. § 825.220(a)(1). Because Appellant is not an eligible employee, Appellant has never exercised or attempted to exercise any 'rights' provided to her by the FMLA.").

### D.     The Plaintiff Was Not an "Eligible Employee"

The plaintiff seeks to avoid the application of this precedent by arguing that he adequately alleges that he *would* have become eligible for FMLA leave in October 2022, approximately two months after he was terminated, and his eligibility is to be determined "as of the date the FMLA leave is to start." (Doc. No. 21, at 2 (quoting 29 C.F.R. § 825.110(d)).) He insists that the date of his future eligibility, rather than the date of his termination, governs the "eligibility" determination. (*See id.* at 8.) In support of this theory, he relies on *Cross v. Dental Assisting Academy of Louisville, LLC*, 417 F. Supp. 3d 836 (W.D. Ky. 2019), which held that an employee who was fired after inquiring about FMLA leave just before she had been employed for 12 months, but who specifically notified the employer that her requested leave was to begin *after* she had been employed for more than 12 months, was an "eligible" employee for purposes of her FMLA claims. *Id.* at 844.

In *Cross*, the court relied in part on the plain language of the implementing regulation, which states: "The determination of whether an employee meets the hours of service requirement and has been employed by the employer for a total of at least 12 months *must be made as of the*

*date the FMLA leave is to start*." 29 C.F.R. § 825.110(d) (emphasis added). It distinguished the same Sixth Circuit opinions referenced above and relied on an Eleventh Circuit decision holding that the FMLA protects requests for leave made before the 12-month requirement *if* the leave itself is to commence after the 12-month requirement is satisfied. *Pereda v. Brookdale Sr. Living Communities, Inc.*, 666 F.3d 1269, 1274–75 (11th Cir. 2012); *see id.* at 1274 ("We hold that because the FMLA requires notice in advance of future leave, employees are protected from interference prior to the occurrence of a triggering event, such as the birth of a child.").

In this case, the plaintiff does not allege that he was requesting FMLA leave to begin on a specific future date after he became eligible for FMLA leave. Instead, he contacted Avanade in August 2022—nearly two months prior to his 12-month eligibility date—notifying it of his *immediate* need for "medical leave and/or . . . his LTD and/or STD benefits." (SAC ¶ 35.) Further, his allegations make it clear that even he did not know whether he would need FMLA leave. (*See* SAC ¶ 56 (alleging that Avanade knew Brown "might need to utilize FMLA benefits").) This case, therefore, is distinguishable from both *Pereda* and *Cross*. Thus, even assuming that the Sixth Circuit would, if given the chance, follow *Pereda*, it would not help Brown in this case.[2]

In sum, the court finds that the plaintiff has not established that he was an eligible employee at the time he requested leave. Consequently, he fails to state a claim under the FMLA, whether for interference or retaliation. *Accord Berry*, 2021 WL 3037483, at *5 (granting summary judgment to the defendant, because "[t]o expand FMLA eligibility to the limits Plaintiff requests—

---

[2] Another judge of this court has noted that it would not necessarily be a "safe assumption" to presume that the Sixth Circuit would follow *Pereda* if given the opportunity. *Berry v. SAGE Dining Servs., Inc.*, No. 3:19-CV-00830, 2021 WL 3037483, at *4 n.4 (M.D. Tenn. July 19, 2021) (Richardson, J.). This court agrees that affording an FMLA cause of action to an employee simply because he might become eligible in the future would upset the careful balance effected by Congress in providing only "eligible" employees the right to leave under the FMLA and the right to bring a cause of action for violation of the FMLA.

*i.e.*, to provide protection to any employee who expresses an interest in taking future FMLA leave whenever (if ever) the employee would become eligible for FMLA leave—would, in this Court's view, expand FMLA protections far beyond what Congress intended and far beyond what the Sixth Circuit has recognized").

The plaintiff also appears to argue that, even if he was not an eligible employee at the relevant time, *Humenny* and the other cases cited above have been effectively overruled by the Sixth Circuit's recent decision in *Milman*, which supports finding that he has alleged a colorable retaliation claim. This court is not persuaded either that the holding in *Milman* applies to this case or that *Milman* overruled *Humenny*.

In *Milman*, there was no dispute regarding the plaintiff's *eligibility* for FMLA leave, as it was apparently clear that she had been employed full-time for more than 12 months. *See Milman*, 58 F.4th at 863 (noting that the plaintiff had been employed since May 2018 and, by May 2020, was entitled to a certain amount of paid sick leave, vacation leave, and personal leave annually). The only issue was whether the plaintiff's inquiry about leave for a sick child, the cause and seriousness of whose illness had not yet been determined at the time of her inquiry, constituted protected activity under the FMLA. The district court held that, because the plaintiff did not allege *entitlement* to the leave she requested—that is, that she needed to take care of a relative with a serious health condition—she had not engaged in protected activity, and her retaliation claim failed. *Id.* at 868.[3] The Sixth Circuit reversed, distinguishing the case from those in which employees actually took leave to which they ultimately were not entitled and framing the issue before it as "whether the FMLA protects the right of an employee to inquire about and request

---

[3] The case arose at the outset of the COVID pandemic, and the plaintiff became concerned when her child, who had recently been hospitalized with RSV, developed symptoms that initially appeared to be COVID-related but ultimately were determined to be cold symptoms.

leave even if it turns out that she is not entitled to such leave"—that is, because the health condition at issue is not sufficiently serious. *Id.*; *see also id.* at 869 (noting that the FMLA's definition of "serious health condition" is "hardly a model of clarity").

In holding that the plaintiff in that case stated a colorable retaliation claim, the court employed language broad enough that it could, if read out of context, be construed to extend to situations in which clearly *ineligible* employees inquire about taking leave. For example, in concluding that the plaintiff's inquiry in that case constituted protected activity, the court stated:

> Suppose that an employee, intending to exercise her FMLA rights, meets with her employer and asks questions concerning her FMLA rights, then is fired for doing so. Concluding that no FMLA violation could occur if it turns out that the employee is not entitled to leave would render the employee unprotected during the step required to initiate the FMLA's process. Without protection, employees would be discouraged from taking authorized initial steps—including preparing or formulating a request—to access FMLA benefits. We are not to impose nonsensical readings of a statute if alternative interpretations consistent with the legislative purpose are available. Accordingly, for the Act to protect the exercise or attempt to exercise FMLA rights, the procedural framework the statute established—including its first step—must fall within the scope of protected activity, without regard to ultimate entitlement.

*Id.* at 869 (internal quotation marks and citation omitted).

However, at least two factors weigh against extending this analysis in a case involving *entitlement* to cases involving *eligibility*. First, the court never uses the term "eligible employee" in *Milman*, because it was clear in that case that the plaintiff was an eligible employee under the FMLA. And none of the cases it cites in support of its conclusion that the plaintiff stated a valid FMLA retaliation claim concerned disputes as to a claimant's status as an "eligible employee." Instead, they involved questions of entitlement to leave or the adequacy of notice.[4]

---

[4] *See, e.g.*, *Render v. FCA US, LLC*, 53 F.4th 905, 914 (6th Cir. 2022) (where the plaintiff's eligibility and entitlement were undisputed and the only issue was the adequacy of the plaintiff's notice of intent to take leave); *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 1000 (8th Cir. 2011) (same); *Tayag v. Lahey Clinic Hosp., Inc.*, 632 F.3d 788, 793 (1st Cir. 2011) (recognizing that "[r]equesting leave is also an FMLA-protected right . . . for which retaliation conceivably could

And second, to construe *Milman* as implicitly overruling prior unambiguous Sixth Circuit precedent would be inappropriate. In the Sixth Circuit, "a later panel of the court cannot overrule the published decision of a prior panel . . . in the absence of *en banc* review or an intervening opinion on point by the Supreme Court." *Zurich Am. Ins. Grp. v. Duncan on behalf of Duncan*, 889 F.3d 293, 301 (6th Cir. 2018) (quoting *United States v. Lee*, 793 F.3d 680, 684 (6th Cir. 2015)). This court, therefore, is bound by *Humenny*, which held in 2004 that a plaintiff who "does not qualify as an 'eligible employee' . . . does not state a claim for relief under the FMLA." *Humenny*, 390 F.3d at 905.

Because it is clear from the face of the SAC that the plaintiff was not an "eligible employee" as defined by the statute at the time he requested medical leave, his claims for FMLA interference and retaliation fail as a matter of law.

## III.   CONCLUSION

For the reasons set forth herein, the court will grant the defendant's Motion to Dismiss Count II of the SAC.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge

---

be wrongful even where the leave itself was unprotected" but affirming summary judgment for the defendant where the plaintiff took unapproved leave for what was clearly not a protected reason); *Branham v. Gannett Satellite Info. Network, Inc.*, 619 F.3d 563, 568 (6th Cir. 2010) (noting that, under the FMLA, an "eligible employee" is "entitle[d] . . . to up to twelve weeks of leave per year if the employee has a 'serious health condition that prevents the employee from performing the functions of her job'" and that, "[t]o prevail on either her interference claim or her retaliation claim, [the plaintiff] must prove that she was *entitled* to FMLA leave" (emphasis added; citations omitted)).